**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

SERENA GATEB,

                Plaintiff(s),

vs.

UNITED STATES,

                Defendant(s).

2:14-cv-00171-JAD-VCF

**ORDER AND REPORT AND RECOMMENDATION**

This matter involves Plaintiff Serena Gateb's application to proceed *in forma pauperis*. (#1). Gateb is a *pro se* litigant currently in the custody of the Nevada Department of Corrections. For the following reasons Gateb's application to proceed *in forma pauperis* is granted, and the court recommends that the underlying matter be dismissed without prejudice.

**BACKGROUND**

This matter arises out of Plaintiff Serena Gateb's drug related convictions in the Nevada Eighth Judicial District Court. The court presumes that Plaintiff Serena Gateb intends to bring a Section 1983 action against the State of Nevada, however, Gateb has not yet filed a complaint in this matter. (#1). Gateb has included in her application a copy of the judgment and conviction entered against her in state court on June 14, 2010. (#1-1) Because Gateb has not filed a complaint with her application to proceed *in forma pauperis*, the court can only speculate that Gateb is intending to bring this civil rights action against the state in order to appeal her state court conviction.

//

//

//

**DISCUSSION**

The motion before the court presents three questions: (1) whether Gateb may proceed *in forma pauperis* under 28 U.S.C. § 1915(e); (2) whether Gateb has taken the necessary steps to commence an action; and (3) whether this court has jurisdiction over Gateb's action.

I. **Gateb may Proceed *in Forma Pauperis***

Gateb's application to proceed *in forma pauperis* is granted. A plaintiff is permitted to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit demonstrating that the plaintiff "is unable to pay such fees or give security therefore." 28 U.S.C. § 1915(a)(1). Gateb has submitted a financial affidavit (#1). According to the affidavit, Gateb's current gross monthly income is $50.00. The court finds that Gateb is unable to pay the fees associated with this litigation, and her application to proceed *in forma pauperis* is, therefore, granted.

II. **Gateb has not commenced this action**

Because the court grants Gateb's application to proceed *in forma pauperis*, the court must next review Gateb's complaint to determine if the complaint is frivolous, malicious, or fails to state a claim for which relief can be granted.  The court's review of Gateb's complaint, or lack thereof, is guided by two legal standards: Federal Rule of Civil Procedure 3 and 8.

*A. Legal Standards*

Federal Rule of Civil Procedure 3 provides that "a civil action is commenced by filing a complaint with the court." Federal Rule of Civil Procedure 8(a) states that a complaint "that states a claim for relief must contain … a short plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Typically, the court would first be required to identify "the allegations in the complaint that are not entitled to the assumption of the truth." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Factual allegations that are "merely consistent with liability," *id.* at 678, or "amount to nothing more

than 'formulaic recitation of the elements' of a constitutional" claim, are not entitled to the assumption of truth. *Id.* at 681.

Next, the court would normally determine if the complaint states a "plausible claim" for relief. *Id.* at 679. A claim is considered "plausible" if the factual allegations "allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Traditionally, if the conduct alleged in the complaint, which is accepted as true, does "not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Courts are however instructed to hold incarcerated *pro se* litigants to a less stringent standard. *See Hughes v. Rowe*, 449 U.S. 5, 10 n. 7 (1980).

However, because Gateb has not complied with Rule 3 by first filing a complaint, the court cannot conduct its analysis as to the merits of the Plaintiff's action. The Plaintiff's section 1983 action must therefore be dismissed as a matter of law. The Plaintiff should, however, be given leave to file her complaint with court.

**III.     This court does not have jurisdiction over state law criminal claims**

"Federal courts are courts of limited jurisdiction, and 'the presumption is that (we are) without jurisdiction unless the contrary affirmatively appears.'" *People of State of Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979) (citing *Fifty Associates v. Prudential Insurance Co. of America*, 446 F.2d 1187, 1190 (9th Cir. 1970)). Furthermore, federal courts enjoy no general appellate oversight of state courts. *Easley v. Jones*, 2:08-CV-2476 JFM(PC), 2009 WL 2152084, at *3 (E.D. Cal. July 10, 2009). Thus, district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions. *Dubinka v. Judges of Superior Court of State of Cal. for Cnty. of Los Angeles*, 23 F.3d 218, 221 (9th Cir. 1994), (citing *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482–86, 103 S.Ct. 1303, 1314–17, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity*

*Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923) (district courts may not exercise appellate jurisdiction over state courts).

Though the Plaintiff has yet to file a complaint in this matter, the court must assume that because the Plaintiff has included the judgment of conviction against her, and the order of affirmance issued in her state criminal conviction, that the Plaintiff is attempting to appeal the judgment entered by the state court. The Plaintiff should take notice that should she bring forth this action in an attempt to appeal her state court criminal conviction, the action must fail as a matter of law because the court cannot exercise appellate jurisdiction over the Plaintiff's state criminal case.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that the Plaintiff's application to proceed *in forma pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that the Plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security.  This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER RECOMMENDED that the Plaintiff's action be DISMISSED WITHOUT PREJUDICE so that the Plaintiff may seek leave to file a complaint in this action.

**<u>NOTICE</u>**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues

from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist*., 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 25th day of February, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE